United States District Court
District of North Dakota
Western Division

| | |
|---|---|
| Dakota Gasification Company,<br><br>               Plaintiffs,<br><br>v.<br><br>Sure Steel, Inc.,<br><br>               Defendant. | No. 1:18-cv-00226-DLH-CSM<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Following the Parties' stipulation, it is hereby ORDERED that the following restrictions shall apply to confidential information and documents produced for inspection and copying in this case:

1. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure to third parties of information and documents that the Parties maintain are confidential and proprietary.

2. **"Confidential Material" Defined.** This Protective Order shall apply to all information, documents, electronically-stored information, written discovery responses, and testimony that contain trade secrets, confidential research or development, or proprietary or commercially-sensitive information including, but not limited to, design, manufacturing, operations, supplier, customer, distributor, sales, or other non-public financial or proprietary information (collectively "Confidential Material").

3. **Designating Documents or Information as Confidential Material.** Each Party shall have the right to designate documents and information in the above-

captioned lawsuit as Confidential Material. Documents, material, and information shall be designated as Confidential Material in the following manner:

   a.   As to documents, by placing or affixing on each page the word: "CONFIDENTIAL." Any page or item bearing such notice, and the information contained on such pages or items, shall be treated as Confidential Material.

   b.   Deposition testimony may be designated as Confidential Material under this Order by placing a notice on the transcript pages pursuant to Paragraph 3(a) or by making a statement as to the confidential nature of the testimony on the record. All confidential designations for deposition transcripts must be made within thirty (30) days after receipt of the transcript. For any transcripts received prior to the date of entry of this Order, confidential designations may be made within thirty (30) days of this Order.

   c.   All deposition testimony relating to documents identified as "Confidential" shall be treated as confidential under the terms of this Protective Order. This testimony does not require separate designation under Paragraph 3(b).

   4.   **Challenges to Designations.** Any Party may challenge the designation of any document or information as Confidential Material by providing written or email notice to the producing party. If the Parties cannot reach an agreement and the producing party wishes to maintain the confidential designation, it must, within fourteen (14) days after receipt of such notice, move the Court for a determination as to the applicability of the designation. All materials and information designated

Confidential shall remain confidential and subject to the terms of this Protective Order until the Court rules that the information or materials are not confidential.

5. **Permissible Access to Confidential Material.** Confidential Material shall be used solely for purposes of this litigation and not be used for any business, competitive, personal, private, public, or other purpose, except as required by law. Confidential Material shall not be used in any other litigation. Confidential Material may be shared with the following:

a. The Parties, including the directors, officers, employees, or employees of the Parties;

b. The Parties' attorneys and clerks, paralegals, secretaries, and other support staff who perform work for the Parties' attorneys for purposes of this case;

c. The Parties' insurers, third-party administrators, or other agents of the insurance companies responsible for handling insurance claims related to this lawsuit;

d. Any deponent, witness, or potential witness, provided that any disclosure to such person is directly related to that person's testimony or is warranted for the investigation of this case and that such person is advised of the terms of this Confidentiality Order and is not permitted to retain copies of the Confidential Material;

e. Any consulting or testifying expert and his or her employees retained by any of the Parties or their Counsel to whom disclosure is necessary and solely for the purpose of the investigation into, and potential prosecution or defense of, claims in this litigation;

f. Courts, court reporters, court officials, court or Party-approved mediators, and a jury, if any, involved in the prosecution, defense or resolution of claims in this litigation, except that Confidential Material shall be redacted on all public Court filings and, if the Confidential Material cannot be redacted, the filing Party must request from the Court that the Confidential Material be filed under seal; and

g. Focus group participants and jury consultants, provided that such persons are advised of the terms of this Confidentiality Order and are not permitted to retain copies of the Confidential Material.

Before disclosure of any Confidential Material is made to any individual pursuant to Paragraph 5(d), (e) or (g) of this Order, such individual shall execute the Certification attached hereto as Exhibit A. This written agreement to be bound shall be deemed work product and the Party that obtains the agreement shall retain it for the duration of this case.

6. **Productions by Non-Parties.** Non-parties producing documents in the course of the above-captioned litigation may also designate documents and information as "Confidential" subject to the same protections and constraints as the Parties. In addition, all documents produced by non-parties to this litigation shall be treated as "Confidential" for a period of 14 days from the date of their production and, during that period, any Party may designate such documents as "Confidential" pursuant to the terms of this Order.

7. **Use of Confidential Material in Litigation.** Any Party seeking to use Confidential Material in a motion or other filing with the Court in this litigation shall

have the burden of filing such Confidential Material under seal, including the obligation to file an appropriate motion to seal such Confidential Material. The Parties may seek further protection against public disclosure of Confidential Material prior to disclosure at trial or a hearing in this case.

8. **Inadvertent Failure to Designate.** If a Producing Party inadvertently produces Confidential Material without marking it "Confidential," the Party may promptly give written notice that the material is Confidential Material and it shall thereafter be treated as Confidential. No Party shall be deemed to have violated this Order if, before receiving notification of the Confidential designation, such material has been disclosed or used in a manner inconsistent with the Confidential designation.

9. **Return or Destruction of Confidential Material.** At the conclusion of this litigation, including any appeal thereof, all Confidential Material, other than exhibits of record, shall be returned to the producing Party or, at the producing Party's option, be destroyed within sixty (60) days. Counsel for all Parties receiving Confidential Material shall provide written certification of compliance with this paragraph on behalf of the Party, the Party's consultants and experts, and the Party's counsel, and shall deliver same to the producing Party within sixty (60) days after final resolution, including any appeal thereof.

10. **Subpoenas and Orders by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of Confidential Material that a Party obtained under the terms of this Order, the Party shall promptly notify counsel

for the producing Party within five (5) days of being served with the subpoena or order. Production of Confidential Material in response to a subpoena or order shall not occur until the time allowed for objections has elapsed.

11. **Designating Party's Use of Own Documents.** Nothing in this Order shall limit any designating Party's use of its own documents or shall prevent any designating Party from disclosing its own Confidential Material to any person.

12. **Limited Scope of Order.** This Order does not constitute a determination of the confidentiality, admissibility, or evidentiary foundation for the documents or a waiver of any Party's objections thereto.

13. **Modification.** Any Party may apply to the Court for a modification of this Order, and nothing in the Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. **Survival.** The terms of this Order shall not terminate at the conclusion of this litigation and the obligations and restrictions regarding the confidentiality of the material designated hereunder shall survive termination of this action.

SO ORDERED:

Date: 12/19/2018   /s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge
District of North Dakota

STIPULATED AND AGREED:

Dated: December 17, 2018

Dated: December 17, 2018

*/s/ Erica A. Ramsey*
Scott G. Johnson, N.D. Bar #08052
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612–349–8500
Facsimile: 612–339–4181
Email: sjohnson@robinskaplan.com

Timothy Q. Purdon, N.D. Bar #05392
Robins Kaplan LLP
1207 West Divide Avenue, Suite 200
Bismarck, ND 58503
Telephone: 701–255–3000
Facsimile: 612–349–4181
Email: tpurdon@robinskaplan.com

Erica A. Ramsey
Robins Kaplan LLP
140 North Phillips Avenue, Suite 307
Sioux Falls, SD 57104
Telephone: 605-335-1300
Facsimile: 605-740-7199
Email: eramsey@robinskaplan.com

*Attorneys for Dakota Gasification Company*

*/s/ Tyler S. Carlson*
Troy A. Wolf, N.D. Bar #05792
Tyler S. Carlson, N.D. Bar #06948
Fisher Bren & Sheridan, LLP
3137 32nd Avenue South, Suite 212
Fargo, ND 58103
Telephone: 701-205-4242
Facsimile: 701-364-5603
twolf@fisherbren.com
tcarlson@fisherbren.com

*Attorneys for Sure Steel, Inc.*

**United States District Court**
**District of North Dakota**
**Western Division**

| | |
|---|---|
| Dakota Gasification Company,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>Sure Steel, Inc.,<br><br>　　　　　　Defendant. | No. 1:18-cv-00226-DLH-CSM |

**CERTIFICATION OF ACKNOWLEDGEMENT AND CONSENT**

I hereby certify that: (1) I have read the Stipulated Confidentiality Agreement and Protective Order (the "Order") that has been entered by the Court in this case and understand its terms; (2) I understand that information and documents designated as Confidential Material under the Order are being provided to me pursuant to the terms of the Order; (3) I agree to be bound by the terms of this Order, including its provisions limiting the use of such Confidential Material to this litigation and the requirement that all Confidential Material be returned or destroyed within sixty (60) days after final resolution of this litigation, including any appeal thereof; and (4) I hereby submit to the jurisdiction of the above-referenced Court for purpose of enforcement of this Order.

Dated: _____　　　Signature: _____